UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E. JACQUES,

    Plaintiff,

v.

L. BAUTISTA, et al.,

    Defendants.

Case No. 24-cv-01034-JSW

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against officials at Salinas Valley State Prison. The case was dismissed with leave to amend, and Plaintiff timely amended. For the reasons discussed below, the amended complaint is dismissed in part and ordered served on two Defendants.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

1  which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although
2  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
3  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
4  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
5  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell
6  Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
7  must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
9  that a right secured by the Constitution or laws of the United States was violated, and (2) that the
10 alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,
11 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

When liberally construed, Plaintiff's allegations state cognizable claims against Defendants Bautista and Gomez for violating her Eighth Amendment rights to be free from the use of excessive force and to receive medical care for her injuries.

Plaintiff alleges Defendant Okeke failed to write a report about the incident, but the Court is aware of no authority (and Plaintiff cites none) that this conduct, even when liberally construed, violated any federal law. Accordingly, the amended complaint does not state a cognizable claim for relief under Section 1983 against Defendant Okeke.

**CONCLUSION**

For the reasons set out above,

1. The claims against Defendant Okeke are DISMISSED. The claims against Defendants Bautista and Gomez may proceed.

2. Defendants Correctional Officers L. Bautista and A. Gomez shall be served at Salinas Valley State Prison. Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Amended Complaint, this Order, a CDCR Report of E-Service Waiver form, and a

1  summons. The clerk also shall serve a copy of this order on Plaintiff.

2  No later than 40 days after service of this order via email on CDCR, CDCR shall provide
3  the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s)
4  listed in this order will be waiving service of process without the need for service by the United
5  States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be
6  reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the
7  California Attorney General's Office which, within 21 days, shall file with the court a waiver of
8  service of process for the defendant(s) who are waiving service.

9  Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each
10  defendant who has not waived service according to the CDCR Report of E-Service Waiver a
11  USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies
12  of this order, the summons, and the operative complaint for service upon each defendant who has
13  not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-
14  Service Waiver.

15  2. The Defendants **shall** file an answer in accordance with the Federal Rules of Civil
16  Procedure.

17  3. In order to expedite the resolution of this case:

18  a. No later than **October 29, 2024,** Defendants shall file a motion for summary
19  judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be
20  resolved by summary judgment, they shall so inform the court prior to the date the summary
21  judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

22  b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
23  court and served upon defendants no later than **November 27, 2024**. Plaintiff must read the
24  attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v.*
25  *Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d
26  409, 411-12 (9th Cir. 1988).

27  c. Defendants **shall** file a reply brief no later than **December 11, 2024**.

28  d. The motion shall be deemed submitted as of the date the reply brief is due. No

3

1 hearing will be held on the motion unless the court so orders at a later date.

2             e.  Along with his motion, defendants shall file proof that they served plaintiff the
3 *Rand* warning at the same time they served him with their motion.  Failure to do so will result in
4 the summary dismissal of their motion.

5     4. All communications by the plaintiff with the court must be served on defendants, or
6 defendants' counsel once counsel has been designated, by mailing a true copy of the document to
7 defendants or their counsel.

8     5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No
9 further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required
10 before the parties may conduct discovery.

11     Plaintiff is reminded that state prisoners inmates may review all non-confidential material
12 in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.
13 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations
14 Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to
15 review these files or for copies of materials in them must be made directly to prison officials, not
16 to the court.

17     6. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
18 informed of any change of address and must comply with the court's orders in a timely fashion.
19 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
20 Federal Rule of Civil Procedure 41(b).

21     **IT IS SO ORDERED.**

22 Dated: July 25, 2024

JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.